IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINALD W. DARLING, JR.,

    Petitioner,

v.                                          CASE NO. 1:04-cv-00063-MP-AK

JAMES V. CROSBY, JR.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed his original petition for writ of habeas corpus in the United States District Court for the Middle District of Florida on or about June 1, 2004.  Doc. 8.  It was transferred to this Court shortly thereafter.  Doc. 5.  Because the Court was concerned about timeliness and exhaustion, the Court ordered Petitioner to file an amended petition.  Doc. 14.  Even after amendment, however, the Court still could not determine whether the petition was timely and exhausted and thus, in the interest of judicial economy, ordered Respondent to respond to the petition.  Doc. 18.

This cause is now before the Court on Doc. 21, Motion to Dismiss, by James V. Crosby, Jr.  As grounds for this motion, Respondent maintains that the petition for writ of habeas corpus was filed out-of-time.  Petitioner has filed a motion to strike the motion to dismiss.  Doc. 22.  Having carefully considered the matter, the Court recommends that the motion to dismiss be

granted and the petition be summarily dismissed.

## BACKGROUND

On July 25, 1995, Petitioner pled no contest to one count of burglary of a dwelling and one count of grand theft in the Circuit Court for Alachua County, Florida. Doc. 21, Ex. A. He was adjudicated guilty and sentenced to two concurrent five-year terms of probation to be served consecutively to a six-year term of imprisonment in other cases. *Id*. On May 4, 2001, Petitioner's probation was revoked, and he was sentenced to 79.8 months imprisonment. Doc. 21, Ex. B & C. On that same date, Petitioner was found guilty by a jury of robbery with a deadly weapon and sentenced to life imprisonment. Doc. 21, Ex. F. Petitioner appealed both the judgment on the revocation and the judgment on the jury verdict. Doc. 21, Ex. D. On May 30, 2002, the court of appeal affirmed the cases which had been consolidated for appeal. That decision became final ninety days thereafter, or August 29, 2002. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). Petitioner did not seek post-conviction relief in either case. Doc. 21, Ex. E & J.

On August 14, 2001, Petitioner was convicted by a jury of three counts of robbery with a firearm and one count of possession of a firearm by a prior convicted felon. Doc. 21, Ex. K. The Circuit Court for Alachua County sentenced Petitioner as a prison releasee reoffender to three consecutive life sentences on the robbery convictions and a concurrent three-year sentence on the firearm possession conviction. *Id*. Petitioner appealed, Doc. 21, Ex. L, and the court of appeal affirmed on September 3, 2002. Doc. 21, Ex. M. This conviction became final on December 2, 2002. Petitioner did not seek post-conviction relief in this case either. Doc. 21, Ex. O.

As previously noted, the original federal habeas petition was filed on or about June 1, 2004, with the amended petition being filed on January 21, 2005.  Doc. 17.

## DISCUSSION

From the date that Petitioner's convictions became final, he had one year to seek federal habeas review.  28 U.S.C. §2244(d)(1)(A).  In other words, he had until August 29, 2003, to attack the first life sentence and December 2, 2003, to attack the second three life sentences.  As the instant petition was not filed until June 1, 2004, Petitioner clearly missed the filing deadlines.

Although the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  The only possible basis for equitably tolling the statute of limitations is contained in Petitioner's motion to strike, in which he states:

> As to the time frame[,]  petitioner was in Charlotte Correctional Institution for six months for stablization [sic] unit, mental health procedure (2002-2003) during exhausting time period.
>
> Mental crisis 6 mo. to 1 year. (under psychotropical [sic] medication.

Doc. 22 at 3.  He does not otherwise elaborate on the nature of the circumstances of his mental health treatment.  In this Court's view, this vague assertion of mental health treatment is facially insufficient to meet the extraordinary circumstances necessary for equitable tolling.

Because the instant petition is untimely, it is respectfully **RECOMMENDED:**

That the motion to dismiss, Doc. 21, be **GRANTED**;

That the motion to strike, Doc. 22, be **DENIED**;

That the amended petition for writ of habeas corpus, Doc. 17, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **19th** day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**