IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINALD W. DARLING, JR.,

    Petitioner,

v.                                                       CASE NO. 1:04-cv-00063-MP-AK

JAMES V. CROSBY, JR., et al.,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 23, Report and Recommendations of the Magistrate Judge. In his report, the Magistrate recommended that Doc. 17, Petitioner's Amended Petition for Writ of Habeas Corpus, be denied and this cause dismissed with prejudice. The Magistrate also recommended that Doc. 21, Motion to Dismiss filed by the Attorney General of the State of Florida, be granted, and that Doc. 22, Petitioner's Motion to Strike, be denied. The Magistrate Judge filed the Report and Recommendation on Tuesday, July 19, 2005. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In this case, Petitioner requested and was granted an extension of time in which to file any response to the Magistrate's Report and Recommendations, Doc. 27. Petitioner has now made a filing which this Court will construe as an objection to the Magistrate's report, Doc. 31. While the filing was made after the extended deadline had passed, this Court will consider Petitioner's claims.

In his objection, it appears that Petitioner is asserting that the one year time period in

which to file his § 2254 claim should be equitably tolled for the period of time during which Petitioner was allegedly receiving mental health treatment.  In support of this claim, Petitioner provides documentation indicating that he attempted to secure a copy of his medical record, but failed to ultimately obtain such record because of Petitioner's claimed inability to pay the $3.45 copying fee.  However, the Court has problems with Petitioner's claims that he is unable to pay the fee for his records.  A review of Petitioner's trust account balance indicates that Petitioner initially had adequate funds to pay the required fee, but chose instead to spend all of his balance at the Canteen.  Furthermore, Petitioner subsequently received another deposit of $30 into his account which currently leaves his with an adequate balance from which to pay the $3.45 fee.  Thus, this Court fails to see how Petitioner's filing adds anything more to what the Magistrate characterized as a "vague assertion of mental health treatment [that] is facially insufficient to meet the extraordinary circumstances necessary for equitable tolling."  Therefore, having considered the Report and Recommendation and objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Motion to Dismiss filed by the Attorney General of the State of Florida, Doc. 21, is granted.

3. Petitioner's Motion to Strike, Doc. 22, is denied.

4. Petitioner's Amended Petition for Writ of Habeas Corpus, Doc. 17, is denied, and this cause is dismissed with prejudice.

**DONE AND ORDERED** this  *1st*  day of November, 2005

*Case No: 1:04-cv-00063-MP-AK*

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge